. C. E. TUCKER, Guardian, *v.* JOSEPH E. DEAN.

**Partition — Claim of Co-Tenant for Taxes — Laches in Presenting.**

A tenant in common, who has paid taxes on the common property, must make timely presentation of his demand for reimbursement, or show good reason for not having propounded it sooner.[1]

**Same — Petition for Reimbursement — When Too Late.**

A petition for such reimbursement is too late when filed after the land has been sold for partition, the sale reported and confirmed by the court, and it should be dismissed when no reason for not having propounded it sooner is shown.[2]

Appellants, some of the heirs of Joseph Dean, filed a bill in the Chancery Court of Marshall county against appellee, Joseph E. Dean, and other heirs of the said Joseph Dean, for the partition of certain lands held by the parties complainant and defendant as

-------

[1]
A judgment between the same parties, on the same cause of action, is conclusive between them. The exceptions to this rule are, first, where the first action was not competent; second, where the plaintiff has mistaken his character; third, where the judgment is rendered for a fault in the declaration of pleadings. The true question to be determined in such cases, is not whether the former suit was actually determined on the merits, but whether the merits were involved, and could have been determined in that suit. And the plaintiff who brings a second suit must not leave it to nice investigation to determine whether the cause of action is the same, or different; and it is a matter of no importance that the form of action was different from the form in the last. Agnew *v.* McElroy, 10 S. & M. 552; Johnson *v.* White, 13 S. & M. 584; Mosby *v.* Wall, 1 Cush. 81.

Equity aids the vigilant. Newman *v.* Morris, 52 Miss. 402.

It devolves upon one, who, after long delay, claims reimbursement because of the failure of title to part of the land allotted him in partition, and who

tenants in common. All the heirs of said Joseph Dean were made parties, the land having descended to them at his death. Process was executed on all the defendants returnable to the July term of the court, 1881. None of the defendants answered and *pro confesso* decrees were rendered against them and then a decree directing the sale of the land for partition. The sale was made by the commissioner on December 5, 1881, and he made report of the sale to the January, 1882, term of the court and the sale was confirmed. At the same term, but after the decree confirming the sale, Joseph E. Dean filed his petition alleging that he, as

seeks for an accounting touching money distributed by an agent, to show that a full and fair statement can be made. If he neglects for many years to propound his claim, and by reason of the lapse of time and death of parties, the evidence has become obscured and doubtful, the court will not decree an account, unless it appears that a full and fair statement can be made. Facts must be shown in the light of which the court may act with confidence and intelligence. Clayton *v.* Boyce, 62 Miss. 390; Dickerson *v.* Thomas, 67 Miss. 777; 7 So. 503.

Staleness is not now a good defense. An action not barred by the statute of limitation is maintainable. Westbrook *v.* Munger, 61 Miss. 329; Taylor *v.* Chickasaw Co., 70 Miss. 87; 12 So. 210.

Although, in a suit against the purchaser, by the owner, to cancel a tax title, the defense asserts the right to enforce a charge for the money paid at the tax sale, and taxes subsequntly paid, relief as to this cannot be granted him in the absence of a cross bill praying for it. Preston *v.* Banks, 71 Miss. 601; 14 So. 258.

In the absence of such cross bill, a decree cancelling the tax title without providing for reimbursement will be affirmed, leaving the purchaser to enforce his charge therefor in an independent proceeding. Preston *v.* Banks, 71 Miss. 601; 14 So. 258.

Where, on petition, one of the tenants in common answers, setting up a purchase of the property at a tax sale, claiming that if the title is not valid she should be reimbursed, and that a charge therefor should be decreed, it is not a good objection that this is a matter that should be set up by a cross bill and not by answer. Harrison *v.* Harrison, 56 Miss. 174.

A married woman, who, with her husband, gives a trust deed on her property to secure a debt for goods therein contracted to be advanced to both, and where joint accounts are rendered her at the time, cannot, eight years after a sale thereunder, and a recovery from her of the property by legal proceedings, impeach the sale by showing an arrangement with her husband under which he was to cultivate her lands for his own benefit, so that only the income of her property would be liable under the Code of 1871. Cross *v.* Hedrick, 66 Miss. 61; 7 So. 496.

Nor can she complain that the goods were charged at exorbitant prices; that proper credits had not been given, and the like. Having raised no objections

Statement of the Case.

one of the joint owners of the land, had, prior to the 1st day of January, 1881, paid the taxes on the whole of the land amounting to over two hundred dollars; praying that the clerk and master be required to ascertain the exact amount and to then pay petitioner the amount found due. Appellants moved the court to dismiss the petition; because the matter had already been adjudicated. The motion was overruled and a commissioner was appointed to state an account showing the sum so paid by appellee. From that decree this appeal was taken.

APPEALED from Chancery Court, Marshall county, A. B. FLY, Chancellor.

Reversed and petition dismissed, January 22, 1883.

*Attorneys for appellant, Watson, Watson & Smith.*

*Attorneys for appellee, Featherston & Harris.*

to the accounts as rendered, and having taken no steps to prevent a sale while the matter was in *fieri*, after such a lapse of time, there being no concealment of facts, she will not be permitted to vacate the sale and reopen the transactions; and this, although the beneficiary himself is the purchaser. Cross *v.* Hedrick, 66 Miss. 61; 7 So. 496.

A judgment or decree is conclusive between parties and privies, both as to law and the facts directly in issue, not only as to the rights of the parties in the particular suit, but as to every fact which is positively or by necessary implication affirmed. But mere collateral matters which either party may offer in evidence in respect to the controverted question, are not facts in issue. Land *v.* Keirn, 52 Miss. 341.

Parties to a suit are concluded only as to those matters which are of the essence of the cause, or so involved in the controversy that a decision of them would be decisive of the suit or of a material part thereof. Lorance *v.* Platt, 67 Miss. 183; 6 So. 772.

A matter is not *res adjudicata* merely because it might have been included in an adjudication; if, in fact, it was not presented by the pleadings, or necessarily involved, there is no bar. Hubbard *v.* Flynt, 58 Miss. 266; Davis *v.* Davis, 65 Miss. 498; 4 So. 554.

A decree for the sale of land for partition, which fixes the interests of the parties, is conclusive as to such interests, as between the parties and their privies, although the decree is never executd by a valid sale of the land. Alsobrook *v.* Eggleston, 69 Miss. 833; 13 So. 850.

A decree of partition is not *res adjudicata* that the title of the land divided

Brief of Watson, Watson & Smith:

The motion to dismiss the petition should, in our judgment, have been sustained, and in overruling the motion, we respectfully submit, the court erred.

At the time this petition was filed there was no suit pending. A final decree had been entered in the cause, confirming the sale of the land and directing distribution of the proceeds. Even conceding that it was not too late for one of the defendants to come and show by petition or otherwise that he had a claim against the property sold, which should be paid off out of the proceeds, before distribution of the fund amongst the other heirs—they most assuredly ought to be made parties to such a proceeding, and afforded the opportunity of contesting the right of him seeking to set up the lien. But we contend that the matters set up in

was in the co-tenants, but only that it was so recognized by them in that suit. Cohea *v.* Johnson, 69 Miss. 46; 13 So. 40.

O., in proceedings for the partition of lands, alleged that he and V. were the owners of undivided half interests, respectively, but that his title as to one-fourth was defective because an administrator had not procured an order of court before conveying it. This one-fourth was claimed by F., who was made a party to the partition proceedings, but the bill did not allege that F. was a co-tenant. Held, that under Code 1892, section 3101, providing that if the title of complainant seeking partition shall be controverted, the question of title shall be determined in the suit by the Chancery Court, and section 3112, providing that final decree in such proceedings shall be conclusive as to the rights of the parties in the suit, as F. was a necessary party to the partition proceedings, she was concluded by the decree therein as to all claims she then had to the common estate. Foster *v.* Jones, 17 So. 893.

"On confirmation of the commissioners' report, the chancellor shall render a final decree that the partition thus made shall vest a full title in each one of the claimants to the share set apart to him, and that none of the claimants shall have any further claim or interest in the lands beyond the shares respectively set apart to each of them. This decree, and all the proceedings, shall be recorded by the clerk, and the record shall constitute an instrument of evidence on a question of title, in all courts, and in all subsequent proceedings." Code of 1871, § 1828.

"The final decree of the Chancery Court in such case shall ascertain and settle the rights of the parties, and shall constitute an instrument of evidence in all questions as to the title of the lands, which may be the subject of such decree, in all courts, and shall be conclusive as to the rights of all parties to such suit, subject to the provisions of this act, and subject to appeals and bills of review, as in other suits in the Chancery Court." Code of 1880, § 2568; Code of 1892, § 3112; Code of 1906, § 3536.

said petition were *res adjudicata*. If the petitioner had a claim
for taxes, the proper manner for its assertion was by his answer
to the original bill, or by answer and cross bill. That all of the
equities between the joint owners of the property growing out of
their several relations to the common property could have been
adjusted, had they been presented by answer to the bill, by the
court in the decree of sale is expressly decided in a similar case.
See Harrison *v.* Harrison, 56 Miss. 179.

And not only are those matters *res adjudicata* which were ac-
tually decided by that decree, but also those matters which might
have been decided. This principle is settled by the case of Shat-
tuck *v.* Miller, 50 Miss. 391.

The petition of Joseph E. Dean, upon which the order appealed
from was rendered, is fatally defective, we submit, for want of
parties. It was not filed until several days after a final decree had
been pronounced confirming the sale of the land and directing
distribution of the proceeds. The parties to the proceeding were
out of court, and are still out of court, except the petitioner,
Joseph E. Dean, and the appellant, who voluntarily appeared
and moved to dismiss the petition, and is now prosecuting this
appeal from the order rendered thereupon. For good and suffi-
cient cause the court perhaps had the power to set aside the final
decree at any time during the term at which it was pronounced,
but this was not done, and that decree can only be reversed or
set aside by an appeal, which has not been taken. The petitioner
would have the same right now to file the petition set out in the
record that he had when it was filed and such petition filed in
vacation, would, we submit, be dismissed by the court upon its
own motion at the first term thereafter.

The petition and the decree appealed from, are, we respectfully
submit, without warrant or parallel in chancery jurisprudence or
practice.

Brief of Featherston & Harris:

"A tenant in common who pays taxes on the common estate has
a lien on the interest of his co-tenant for a ratable reimbursement"
and for improvements made, etc. Davidson *v.* Wallace, 53 Miss.
435.

And if one tenant in common spend money to relieve the estate

from incumbrance he has a lien. Davidson *v.* Wallace, 53 Miss. 435.

Where a tenant in common buys a tax title, while he cannot set it up against his co-tenants, it is a charge upon the land against them for reimbursement. Allen *v.* Poole, 54 Miss. 323; Harrisson *v.* Harrison, 56 Miss. 174.

Equality in the division of an estate held by tenants in common, is equity, and in apportioning the estate among the parties in interest, a court of chancery will govern itself by the peculiar circumstances of each case brought before it. One tenant in common may claim a fair and equitable division of the estate held in common at any time. Higginbotham *v.* Short, 25 Miss. 160.

It is true that Dean was a party to the bill filed for a sale of the land, and that he failed to appear and interpose his claim to be reimbursed his outlay for taxes on the land while he held the possession of it. What practical benefit would have resulted to him had he set up his claim for taxes in response to the demand for the sale of the land? Had he done so, and had his claim then been fully recognized, it would not have been paid or enforced until the land was sold. What harm has been done, what injury or loss has been sustained by his delay? Would it not be unjust and inequitable in the extreme to say that, inasmuch as Dean failed to assert his claim against the land itself, he shall thereby be forever estopped from asserting a lien against the proceeds of the very land against which he held the lien—when they, the proceeds, come to be equitably divided among those who held it in common? His payment of taxes was for the benefit of the estate and the protection of all interested, and they should not be countenanced or tolerated in denying its justice and validity.

In Harrison *v.* Harrison, 56 Miss. 174, this court has decided that it is the duty of one tenant in common who is in possession of the joint estate to pay the taxes that may become due upon it, and keep down all incumbrances, and that when the land is sold for partition, he shall be repaid the amount to be paid out by him, that it constitutes a prior lien upon the proceeds.

In the case of Cahn *v.* Person, 56 Miss. 360-364, it is said that the simple conversion of the property into money does not change or affect the liens or incumbrances upon it, but that they will be recognized fully and discharged out of the fund arising from its sale.

This is all that we ask in this case. The proceeds of the land are still under the control of the court, awaiting a fair, just, and equitable division.

We have not deemed it necessary to refer to any authority outside of our own court and think those to which attention has been called decisive of the questions involved in our favor. Nor have we deemed it necessary to say anything as to the charge that complainant was not made a party to the petition of Dean. All of the parties in interest, including the complainant, were before the court. But were it otherwise we do not see how the complainant could reach the matter by his motion.

OPINION.—CAMPBELL, C. J.:

The petition of the appellee should have been dismissed. It presented no reason for not having propounded the claim for taxes paid sooner. The petitioner delayed making his claim until the land was sold and the sale was reported to and confirmed by the court, and then for the first time presented his demand, without suggesting any reason for not having made it or given notice of it at an earlier stage of the proceedings. It is not improbable that his previous silence exerted an influence on the conduct of others with reference to the sale, and it would be improper now to allow him to set up a claim which might have been made by him when summoned to answer the bill. We are not disposed to limit the power of the court having control of a fund to so deal with it as to secure the rights of all persons with respect to it, but insist that one summoned to answer a suit shall make a timely presentation of any demand he has with respect to the subject matter of the suit, and shall not withhold it unduly, and then secure its recognition without any excuse for his delay.

*We reverse the decree,* allowing the petition of the appellee, and dismiss his petition.